IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| SCOTT MATTHEW THUM,<br><br>Plaintiff,<br><br>vs.<br><br>DR. REES,<br><br>Defendant. | Cause No. CV 25-67-H-DLC<br><br>ORDER |

Defendant Rees was directed to respond to Plaintiff Scott Matthew Thum's request for preliminary injunction. (Doc. 27.) Rees timely responded. (Doc. 28.) Thum has not filed a reply brief. Thum's request is denied.

I. BACKGROUND

Thum filed what he has captioned as a "Notice to the Court." (Doc. 26.) In it, Thum explains that he has recently been taken to St. James Cancer Center in Butte, for additional scans and immunotherapy. He contends that this treatment was originally recommended almost three years ago, but has not yet been started. (Doc. 26 at 1 - 2.) Thum requested an "order that this treatment start now." (Doc. 26 at 3.) The Court construed this filing as a request for a preliminary injunction and ordered a response, advising that Defendants may accept that the Court is persuaded that Thum faces irreparable harm by a years-long delay in treatment for his kidney cancer. Defendants respond that Thum has not established the factors

necessary to obtain an injunction. (Doc. 28 at 1.)

## II. DISCUSSION

### A. Standard

A preliminary injunction "should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." *Lopez* v. *Brewer,* 680 F.3d 1068, 1072 (9th Cir. 2012) (citations omitted, emphasis in original.) The party seeking an injunction must show that: 1) they are likely to succeed on the merits; 2) they are likely to suffer irreparable harm in the absence of preliminary relief; 3) the balance of equities tips in their favor; and 4) an injunction is in the public interest. *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008). The first factor "is a threshold inquiry and is the most important factor." *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020). Thus, a "court need not consider the other factors" if a movant fails to show a likelihood of success on the merits. *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017).

The Prison Litigation Reform Act ("PLRA") further constrains the Court's authority to enter an injunction.

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system.

18 U.S.C. § 3626(a)(2). But a court may not deny a preliminary injunction motion

and thereby "allow constitutional violations to continue simply because a remedy would involve intrusion into" an agency's administration of state law. *Baird v. Bonta*, 81 F.4th 1036, 1041 (9th Cir. 2023) (internal citation omitted).

Finally, an injunction that changes the status quo, such as Thum's, rather than preserving it, is particularly disfavored. When the requested preliminary injunctive relief "orders a responsible party to take action," as opposed to "simply maintaining the status quo," the preliminary relief is characterized as mandatory and is "subject to a more demanding standard." *N.D. v. Reykdal*, 102 F.4th 982, 992 (9th Cir. 2024) (distinguishing a "mandatory injunction" from a "prohibitory injunction"). "To obtain a mandatory injunction, […] a plaintiff 'must establish that the law and facts *clearly favor* her position, not simply that she is likely to succeed.' " *Reykdal*, 102 F.4th at 992 (quoting *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc) (emphasis in original).)

B. Analysis

Defendant's brief focusses on the factors of likelihood of success on the merits, and the public interest and balance of the equities.

1. Likelihood of Success on the Merits

Thum's Complaint alleges a violation of his Eighth Amendment rights, related to medical care for his cancer. To prevail on that claim, Thum must establish that prison officials were deliberately indifferent to his serious medical

need. *Farmer v. Brennan*, 511 U.S. 825 (1994), elaborates the standards for a convicted person's Eighth Amendment denial of medical care claim.

> [A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious[;]' a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities'[.] …
>
> The second requirement follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.' To violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind.'

*Farmer*, 511 U.S. at 834 (citations omitted).

"A prison official acts with "deliberate indifference ... only if the [prison official] knows of and disregards an excessive risk to inmate health and safety. Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk. This "subjective approach" focuses only "on what a defendant's mental attitude actually was." *Farmer,* 511 U.S. at 839. Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal quotations and citations omitted.)

Defendant demonstrates, with Thum's medical records, the ongoing care received by Thum. (Doc. 28 at 4 -5.) There have been some delays in treatment, as reflected in Doc. 28-1. But Defendant's evidence also shows that Thum has also occasionally refused relevant treatment, including necessary scans. (Doc. 28-2 at 26 - 29.) Additionally, Thum filed his motion related to a scan he had recently had, but the records submitted by Defendant show that the scan was not readable because Thum was unable to stay still during the scan. (Doc. 28 at 4.)

Further, Defendant contends that Thum's records do not paint the dire picture of his diagnosis that Thum provided to the Court. (Doc. 28 at 5.) Thum is diagnosed with stage 1 clear-cell carcinoma without any proven metastasis, not stage 4 cancer, as he has alleged. (Docs. 28 at 5; 28-1.) (The issue of possible metastasis is not entirely resolved, pending further scans. (Doc. 28-1 at 1.)) Also, there is a medical disagreement about whether the biopsy Thum seeks is the proper course of action. *Id*. *See also* Doc. 28-6 at 4 – 5. Defendant is seeking a third opinion and scheduling further scans. (Doc. 28 at 7.)

At this preliminary stage, Defendant has provided more evidence than Thum has to show that Thum is not likely to prevail on the merits of his claim. Without prejudice to any further and ultimate determination of the facts, at this point, Thum has failed to carry his burden that he is likely to succeed.

2. Public Interest and Balance of the Equities

When the government is a party to litigation, the balance of equities and the public interest prongs of the *Winter* test merge. *East Bay Sanctuary Covenant v. Trump*, 950 F.3d 1242, 1271 (9th Cir. 2020) (internal citations omitted). No doubt, the public interest lies in the fair medical treatment of prisoners, who have no option to obtain their own medical care. However, the public interest is also served by prisoners receiving only needed and medically appropriate care. In this instance, Defendant has sufficiently established, for purposes of this motion, that Thum is receiving appropriate medical care, and that his medical condition is not as dire as Thum has believed or represented.

Accordingly, it is HEREBY ORDERED:

1. Thum's motion for a preliminary injunction is DENIED. (Doc. 26.)

2. At all times, Thum must update the Court and opposing counsel of any change of address. Failure to do so may result in dismissal without notice to him.

DATED this 29th day of September, 2026.

Dana L. Christensen, District Judge
United States District Court